IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLIFTON CLOWERS, #45717-177,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>CIVIL NO. 3:17-CV-0808-B-BK<br>(CRIMINAL NO. 3:14-CR-367-B-12) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge for findings, conclusions, and recommendation.  Upon review of the relevant pleadings and law, and for the reasons detailed herein, Petitioner's section 2255 motion should be summarily **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

In 2015, Petitioner pled guilty to possessing a controlled substance with intent to distribute and was sentenced to 188 months' imprisonment and a three-year term of supervised release.  *United States v. Clowers*, No. 3:14-CR-367-B-12, Crim. Doc. 1636 (N.D. Tex. Dec. 10, 2015).  On October 18, 2016, his direct appeal was dismissed for failing to present a nonfrivolous issue.  Crim. Doc. 3074.  Thereafter, on March 21, 2017, Petitioner filed this timely section 2255 motion, alleging counsel was ineffective for failing to object to the Government's breach of the plea agreement.  Doc. 2 at 4.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001); *see also* 28 U.S.C. § 2255.  To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697.

Petitioner argues that "[t]he plea agreement stipulated that [he] was personally involved in 49-grams of methamphetamine," Doc. 2 at 4, and that "the Government implicitly promised, by its stipulation, that it would not offer evidence outside of the 49-grams," Doc. 3 at 4. Petitioner contends the government, however, broke that promise by arguing that he was responsible for drug amounts equivalent to 2,197.7 kilograms of marihuana, which far exceeded the 49-grams of methamphetamine stipulated as part of his plea agreement. Doc. 2 at 4; Doc. 3 at 9.

Petitioner's claim is baseless.  Contrary to Petitioner's assertions, his *Plea Agreement* with the Government did not state that Petitioner would be held responsible for only 49 grams of methamphetamine. Crim. Doc. 642.  The *Plea Agreement* was silent about any drug quantity, but instead provided that the *Factual Resume* would be submitted as evidence. Crim. Doc. 642

2

at 2. Petitioner stipulated in the *Factual Resume* that he (1) "personally possessed 49 grams of methamphetamine that he intended to later distribute," and (2) that he "*assisted J. H.* [co-defendant John Hall] at a game room, which was a known distribution point for the sale of methamphetamine." Crim. Doc. 643 at 3 (emphasis added). Additionally, the *Factual Resume* unequivocally stated that it was "not intended to be a complete accounting of all the facts and events related to the offense," but that its "limited purpose" was "to demonstrate that a factual basis exist[ed] to support [Petitioner's] guilty plea." Crim. Doc. 643 at 4. Thus, a plain reading of the both the *Plea Agreement* and *Factual Resume* belies Petitioner's assertions that the Government implicitly agreed that the total drug quantity for which Petitioner would be held responsible under the Sentencing Guidelines was 49 grams of methamphetamine.

Based on the foregoing, the Court concludes that counsel had no non-frivolous basis to object that the Government breached the *Plea Agreement* and, thus, was not ineffective for failing to do so. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness.") (quotations and quoted case omitted); *United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (*per curiam*) (holding the same as to meritless guideline objection); *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Accordingly, Petitioner's claim of ineffective assistance of counsel fails.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate sentence under 28 U.S.C. § 2255 should be summarily **DISMISSED WITH PREJUDICE**.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

**SIGNED** April 13, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE